IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MICHAEL J. DIMITRION, individually and as Trustee of the Michael J. Dimitrion Trust dated November 6, 1989; and TINA MARIE DIMITRION,<br><br>        Plaintiffs,<br><br>    vs.<br><br>MORGAN STANLEY CREDIT CORPORATION, et. al.,<br><br>        Defendants. | CIVIL NO. 13-00125 DKW-BMK<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

**ORDER DISMISSING COMPLAINT FOR LACK OF
SUBJECT MATTER JURISDICTION**

This matter is nearly identical in relevant part to several other cases in this district, brought by the same counsel, which have recently been dismissed for lack of subject matter jurisdiction. *See Toledo v. Bank of New York Mellon, et al.*, CV 13-00539 DKW-KSC, Dkt. no. 45 (D. Haw. May 2, 2014); *Broyles v. Bank of America, et al.*, 2014 WL 1745097 (D. Haw. April 30, 2014); *Moore v. Deutsche Bank Nat'l Trust Comp., et al.*, 2014 WL 1745076 (D. Haw. April 30, 2014); *Wegesend v. Envision Lending Group, et al.*, 2014 WL 1745340 (D. Haw. April 30, 2014); *Dicion v. Mann Mortgage, LLC*, 2014 WL 1366151 (D. Haw. April 4,

2014); *Pascua v. Option One Mortgage Corp.*, 2014 WL 806226 (D. Haw. Feb. 28, 2014). The result here is no different—because the Dimitrions lack standing and have not satisfied the amount in controversy requirement, this Court lacks subject matter jurisdiction, mandating dismissal of the amended complaint.

**BACKGROUND**

The Dimitrions have taken out six mortgages on their primary residence, only a few of which are at issue in this matter. The Dimitrions assert a single cause of action that they refer to as "declaratory judgment,"[1] seeking to obtain a declaration from this Court in order to quiet title and determine what interest, if any, the Defendants have in the property because the Dimitrions "do not know to whom they must make their mortgage payments, do not know how much (if any) is due under the mortgages, and do not know with whom they can negotiate a modification of their mortgages." Complaint ¶ 1.

Defendants, the loan servicers on the Dimitrions' mortgages, move to dismiss, or in the alternative, move for summary judgment.

**STANDARD OF REVIEW**

Although Defendants' motions are filed pursuant to Fed. R. Civ. P. 12(b)(6) and 56, the Court "must determine that [it] ha[s] jurisdiction before

---

[1] The Dimitrions initially filed a complaint in state court with other counts (including claims under federal law) that was removed to this Court. However, by stipulation of the parties, the Dimitrions were permitted to file an amended complaint, which would assert a single "quiet title" claim. In the Dimitrions' amended complaint, the title of the claim is "declaratory judgment," although the text of the count notes that this is a "quiet title action." Complaint ¶ 22.

2

proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Thus, the Court is "obligated to consider sua sponte whether [it] ha[s] subject matter jurisdiction." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). In order to establish standing, three requirements must be met:

> First and foremost, there must be alleged (and ultimately proved) an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury. This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.

*Id.* at 102–04 (internal citations and quotation marks omitted). *See Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996) ("A plaintiff has the burden of establishing the elements required for standing.").

Even where a plaintiff has standing, subject matter jurisdiction must also be established. Jurisdiction founded on diversity (the basis for jurisdiction

3

alleged by the Dimitrions here) "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see* 28 U.S.C. § 1332.  Where, as here, declaratory or injunctive relief is sought, it is "'well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  The object of the litigation is "the value of the right to be protected or the extent of the injury to be prevented." *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976); *see also Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (stating that the "required amount [in controversy is] the value of the particular and limited thing sought to be accomplished by the action").

"[T]he party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

## **DISCUSSION**

The Dimitrions lack standing and have failed to satisfy the amount in controversy requirement necessary to establish diversity jurisdiction.  Accordingly, the Court dismisses the amended complaint for lack of subject matter jurisdiction.

First, the Dimitrions have not alleged an injury in fact to sufficiently establish standing.  Although the Dimitrions assert their general concern that they

4

"do not know to whom they must make their mortgage payments" without the Court's assistance, the Dimitrions do not allege that any Defendant has *actually* initiated foreclosure proceedings or that more than one party has *actually* demanded payment on the same loan at the same time—allegations necessary to show actual injury. Consequently, as Judge Seabright concluded in *Dicion*:

> Absent such factual allegations, the potential for multiple liability or foreclosure is no more than mere speculation and falls far short of constituting an Article III injury-in-fact. Thus, Plaintiff's injury is no more than his own uncertainty regarding which Defendant is entitled to his mortgage payments. Such a subjective uncertainty is neither sufficiently concrete nor particularized to constitute an injury-in-fact.

2014 WL 1366151, at *4 (internal citations omitted); *see also Pascua*, 2014 WL 806226, at *4 ("At most, the injury-in-fact that Pascua suffers is the 'uncertainty' he says he has regarding what entity he is supposed to pay. It is not clear that this subjective feeling of uncertainty is sufficiently concrete and particularized to constitute an injury-in-fact. It is also not clear that Pascua's purported injury, such as it is, is caused by Defendants' conduct rather than by Pascua's own apparent inability to discern the nature of his obligations." (internal citation omitted)); *Broyles*, 2014 WL 1745097, at *4 ("[S]ince Plaintiff does not face foreclosure or multiple liability, any possible future injury is too conjectural or hypothetical, and her uncertainty of whom to pay is not sufficiently concrete or particularized, to constitute an injury-in-fact."). Indeed, the Defendants agree that there is no dispute

5

as to the roles of each Defendant entity, and there is nothing to even suggest that the Dimitrions would be subject to liability to more than one party, as they apparently fear. Having alleged no injury in fact, and the Court declining to allow the Dimitrions to manufacture one, Plaintiffs lack standing, depriving the Court of subject matter jurisdiction. *Steel Co.*, 523 U.S. at 102.[2]

Second, the Court also lacks subject matter jurisdiction because the amount in controversy requirement to establish diversity jurisdiction has not been satisfied. The Dimitrions allege that "the amount in controversy is $1,441,620, which is the fair market value of the Subject Property." Complaint ¶ 2. However, as Judge Mollway discussed in *Pascua*:

> Here, the matter Pascua says he wants to accomplish does not implicate the entire debt or the value of the property. Although he styles his claim as one to "quiet title," Pascua does not allege that he holds title to the property free and clear of any debt obligation. Nor does Pascua seek to enjoin a foreclosure. In either such situation, the full debt or the property itself would be the object of the litigation, because the claimant would be trying to prevent paying the debt or losing the property. Pascua, by contrast, asks for a declaration to prevent him from feeling uncertainty as to whom to pay. He is not actually being asked to pay his acknowledged debt more than once. The

---

[2]The Court also adopts the same reasoning and conclusion reached by Judge Seabright in *Dicion* for the second and third requirements of standing:

> Furthermore, in the absence of a demand for payment from multiple Defendants, Plaintiff's uncertainty is not fairly traceable to any challenged action of the Defendants. Nor is Plaintiff's uncertainty likely to be redressed by a favorable decision.

2014 WL 1366151, at *5 (alterations, quotation marks, and citation omitted).

6

> amount in controversy is therefore the subjective value to Pascua of freeing him from that risk. Courts are often disinclined to speculate as to the monetary value of something so vague and amorphous as a feeling of uncertainty.
>
> In any event, it is implausible to suggest that the subjective value to Pascua of such a declaration is greater than $75,000. Pascua's primary fear appears to be that he will accidentally pay the wrong party $41,139.92, which is the amount Wells Fargo is currently requesting he pay to avert foreclosure. The harm to Pascua of his fear that he might lose a second payment of $41,139.92 cannot plausibly be worth in excess of $75,000.

2014 WL 806226, at *5 (internal citations omitted).

Similarly here, the Dimitrions ask for a declaration to clarify their alleged confusion as to whom to pay. Therefore, the object of the litigation is not the value of the property, but is instead the value of relieving the Dimitrions' uncertainty. *Dicion*, 2014 WL 1366151, at *6. However, the Dimitrions have not even attempted to prove what the value of that uncertainty is and the Court will not speculate. In short, "because the true purpose of this action is neither to quiet title in favor of Plaintiff and against all Defendants, nor to stop an imminent foreclosure sale, simply requesting such relief cannot transform the object of litigation to the subject property." *Dicion*, 2014 WL 1366151, at *6 n.6.

Finally, the Court notes that even if the Court had subject matter jurisdiction, "Plaintiffs' contention that they do not know to whom their debt is owed is not a basis to 'quiet title.'" *Klohs v. Wells Fargo Bank, N.A.*, 901 F.Supp.2d 1253, 1261 n.4 (D. Haw. 2012).

7

## CONCLUSION

The Court hereby dismisses[3] the Dimitrions' complaint for lack of subject matter jurisdiction. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: May 29, 2014 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

Dimitrion v. Morgan Stanley Credit Corp., et al.; CV 13-00125 DKW/BMK; ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

---

[3]There is no need to remand this action to state court. The question of remand "must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., et al.*, 159 F.3d 1209, 1213 (9th Cir. 1998). At the time of removal, the Court may have had jurisdiction over some of the counts asserted in the removed complaint. However, as a result of subsequent amendment, the Court now lacks jurisdiction and dismisses the single count in the amended complaint.

8