IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL J. DIMITRION, ET AL., | ) | CIV. NO. 13-00125 DKW-BMK |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | DEFENDANTS' MOTION FOR |
| MORGAN STANLEY HOME LOANS, ET AL., | ) | ATTORNEYS' FEES AND COSTS |
| | ) | |
| Defendants. | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Defendants Morgan Stanley Home Loans, Saxon Mortgage Services, Inc., and PHH Mortgage Corporation's Motion for Attorneys' Fees and Costs (Doc. 61). After careful consideration of the Motion, as well as the supporting and opposing papers, the Court finds and recommends that the Motion be GRANTED IN PART AND DENIED IN PART.[1] Specifically, the Court recommends Defendants be awarded $5,543.76 in fees and $1,021.23 in costs.

BACKGROUND

The Original Complaint filed by Plaintiffs Michael J. Dimitrion and Tina M. Dimitrion was removed to this Court on March 14, 2013. (Doc. 1.) The

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

Complaint asserted seven claims: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), (2) quiet title, (3) negligent misrepresentation, (4) unjust enrichment, (5) violation of the Uniform Deceptive Trade Practices Act, (6) violation of the Hawaii Collection Practices Act, and (7) violation of the Hawaii Unfair Competition and Practices statute. With respect to their claim under the FDCPA, Plaintiffs sought "statutory damages plus actual damages of $2,800,000 (an estimated value of the Subject Property which now cannot be sold by the Plaintiffs), plus punitive damages." (Original Complaint ¶ 2.)

On January 17, 2014, Plaintiffs voluntarily dismissed all claims with prejudice, except for their quiet title claim, which they reasserted in the Amended Complaint. (Doc. 44; Amended Complaint ¶¶ 21-24.) On May 29, 2014, the Court dismissed the Amended Complaint for lack of subject matter jurisdiction, and Judgment was entered. (Docs. 59 & 60.)

## DISCUSSION

I. Defendants' Request for Attorneys' Fees

    A. Entitlement to Attorneys' Fees Under H.R.S. § 607-14

Defendants seek an award of fees pursuant to Hawaii Revised Statutes § 607-14 as the prevailing parties in this action. "A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to

attorneys' fees."[2]  Young v. Geico Indem. Co., Civ. No. 08-00171 JMS-KSC, 2009 WL 3049640, at *2 (Sept. 23, 2009) (citing Farmers Ins. Exchange v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 2134, 1236 (9th Cir. 2001)).  "Under Hawai'i law, 'ordinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement.'"  Id. (brackets omitted) (quoting Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (2006)).

Section 607-14 authorizes the taxation of reasonable attorneys' fees "in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee . . . to be paid by the losing party."  See Blair v. Ing, 31 P.3d 184, 186 (Haw. 2001).  The Court turns to whether this case is an assumpsit action and/or an action on a promissory note or contract.

    i. Actions in the Nature of Assumpsit

---

[2] Defendants cite to Cataphoa Inc. v. Parker, 848 F. Supp. 2d 1064 (N.D. Cal. 2012) for the proposition that federal courts apply state law in determining whether a party is entitled to attorneys' fees.  (Motion at 5.)  Plaintiffs argue that Cataphoa is "not good law" because it was "vacated and remanded."  (Opp. at 3.)  The Court has found no such negative history of Cataphoa Inc., but even if it was vacated and remanded, other cases stand for the well-established doctrine that federal courts apply state law on attorneys' fees when sitting in diversity.  Farmers Ins. Exchange v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001) ("Because this case is based on diversity jurisdiction, we are obligated to apply California state law regarding attorneys' fees.").  In this case, the Amended Complaint asserts that this Court has diversity jurisdiction over this case.  (Amended Complaint ¶ 2.)  Accordingly, the Court applies state law in determining whether Defendants are entitled to attorneys' fees.  See Farmers Ins. Exchange, 250 F.3d at 1236.

"Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.'" Leslie v. Estate of Tavares, 994 P.2d 1047, 1051 (Haw. 2000) (citation omitted); see Blair, 31 P.3d at 189 ( "'Assumpsit' is 'a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations.'"). "The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." Blair, 31 P.3d at 189. "Where there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit." Id.

"When a case involves both assumpsit and nonassumpsit claims, 'a court must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims.'" Au v Funding Group, Inc., 933 F. Supp. 2d 1264, 1272 (D. Haw. 2013). "In conducting this analysis, courts must determine whether each individual claim alleged in the complaint sounds in assumpsit or in tort and apportion fees between the assumpsit and non-assumpsit claims if practicable." Id. However, where it is "impracticable or impossible to apportion fees," a court "may award reasonable attorneys' fees . . . to a

party who succeeds on a contract claim that is 'inextricably linked' to a tort claim." Id.

This Court must determine whether each claim is in the nature of assumpsit or not. Id. The Original Complaint asserted seven claims and the Amended Complaint asserted one claim. Four of the claims in the Original Complaint allege statutory violations: Count 1 for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Count 5 for violation of the Uniform Deceptive Trade Practices Act, H.R.S. § 481A-3; Count 6 for violation of the Hawaii Collection Practices Act, H.R.S. § 480D-3; and Count 7 for violation of the Hawaii Unfair Competition and Practices statute, H.R.S. § 480-2. Because these claims are statutory in nature, they are not assumpsit claims. See generally id. at 1271 (statutory claims "are therefore not in the nature of assumpsit"); Pung v. TrustStreet Props., Inc., Civ. No. 05-00618 DAE-KSC, 2007 WL 1310094, at *2 (D. Haw. May 3, 2007) ("statutory claim was not in nature of assumpsit"); see Au, 933 F. Supp. 2d at 1272 (claims under H.R.S. chapter 480 are statutory and not in the nature of assumpsit); Tumpap v. Aurora Loan Servs. LLC, Civ. No. 10-00325 SOM-RLP, 2011 WL 2939545, at *4 (D. Haw. May 24, 2011) (FDCPA claim is not in the nature of assumpsit).

Count 2 for quiet title and Count 3 for negligent misrepresentation are not in the nature of assumpsit either. Benoist v. U.S. Bank Nat'l Ass'n, Civ. No. 10-00350 JMS-KSC, 2013 WL 704865, at *5 (D. Haw. Jan. 28, 2013) ("The Court finds that a quiet title claim is not in the nature of assumpsit."); see also Au, 933 F. Supp. 2d at 1271-72 (negligent misrepresentation claim "is based in tort and therefore not in the nature of assumpsit"). However, the Court finds that the remaining claim in the Original Complaint, Count 4 for unjust enrichment, is an assumpsit claim. Young v. Geico Indem. Co., Civ. No. 08-00171 JMS-KSC, 2009 WL 3049640, at *5 (D. Haw. 2009) ("unjust enrichment claim is in the nature of assumpsit").

In the Amended Complaint, Plaintiffs asserted only one claim for declaratory judgment on quiet title. (Amended Complaint at ¶¶ 21-24.) Plaintiffs prayed for declaratory and injunctive relief, and attorneys' fees and costs; Plaintiffs did not seek monetary damages. Claims for declaratory judgment "are not in the nature of assumpsit, even though the basis of the requests factually implicate a contract." Skanning v. Sorensen, Civ. No. 09-00364 DAE-KSC, 2009 WL 5449149, at *4 (D. Haw. Dec. 10, 2009). "An action that seeks only a declaration as to a party's rights or responsibilities, even if factually implicating a contract, is not 'in the nature of assumpsit.' This is because when the recovery of money

damages is not the basis of a claim factually implicating a contract, the action is not 'in the nature of assumpsit.'" Id. (internal citation and brackets omitted). Because Plaintiffs did not seek monetary damages in the Amended Complaint, the sole claim for declaratory judgment is not in the nature of assumpsit. See id.

In sum, of the seven claims asserted in the Original Complaint, only one of those claims (Count 4 for unjust enrichment) is in the nature of assumpsit; and the Amended Complaint does not assert any assumpsit claims. In apportioning Defendants' attorneys' fees between assumpsit and nonassumpsit claims, the Court first finds that after January 17, 2014, the date on which the sole assumpsit claim was voluntarily dismissed, none of Defendants' fees relate to assumpsit claims. Prior to that date, however, the Court finds that one-seventh of Defendants' fees is recoverable as fees relating to the sole assumpsit claim. Consequently, the Court recommends that Defendants be awarded one-seventh of their reasonable attorneys' fees incurred on or before January 17, 2014 under H.R.S. § 607-14's assumpsit provision.[3]

      ii.    Actions on a Promissory Note or Contract

In addition to authorizing fees in assumpsit actions, H.R.S. § 607-14 also allows for the taxation of reasonable attorneys' fees "in all actions on a

---

[3] There is no dispute that Defendants are the prevailing parties in this case.

promissory note or other contract in writing that provides for an attorney's fee." See Blair, 31 P.3d at 186. Defendants contend that "Plaintiffs' cause of action concerned written contracts – the two promissory notes secured by mortgages – which expressly provide for the recovery of attorneys' fees and costs by the successful party in the event of a dispute arising from them." (Motion at 4.)

In Benoist v. U.S. Bank Nat'l Ass'n, Civ. No. 10-00350 JMS-KSC, 2013 WL 704865, at *5 (D. Haw. Jan. 28, 2013), the court declined to award contractual fees under this provision of section 607-14. The court stated:

> this case did not allege any claims directly related to the Mortgage or Adjustable Rate Note. While it is true that all of the claims flow from the mortgage transaction to some extent, Plaintiffs' claims did not derive from the terms of the Mortgage or Adjustable Rate Note; that is, the terms of the Mortgage or Note, or failure to comply with the same, were not at issue in this litigation.

Id.

Similarly here, Plaintiffs' claims do not derive from the terms of the mortgages or notes or allege a failure to comply with their terms. Although the claims flow from the mortgage transaction to some extent, like in Benoist, the Court declines to award fees under § 607-14, except for the recommended award discussed in the above section for the sole assumpsit claim.

B. Reasonable Amount of Attorneys' Fees

8

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1041 (D. Haw. Aug. 23, 2011). "Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate." Id. The Court may also consider a number of factors in determining the value of the attorneys' services. Id.

i. Reasonable Hourly Rate

"In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. The reasonable hourly rate should reflect the prevailing market rates in the community." Au v. Funding Group, Inc., Civ. No. 11-00541 SOM-KSC, 2013 WL 1154211, at *7 (D. Haw. Feb. 19, 2013).

Defendants' counsel request the following hourly rates: $420/hour for Simon Klevansky (partner with 37 years of experience); $320/hour for Alika Piper (partner with "many years of experience"), and $200/hour for Nicole Stucki (associate with nearly 10 years of experience). This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation. Based on this Court's knowledge of

the community's prevailing rates, the Court recommends granting the following hourly rates: $300/hour for Simon Klevansky, $250/hour for Alika Piper, and $200/hour for Nicole Stucki.

      ii.      Hours Reasonably Expended

"[A] prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained." Au, 2013 WL 1154211, at *7. "The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable." Id. Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. Id. After careful review of the hours expended by defense counsel in this case, the Court excludes the hours for entries in Exhibit 1 that are redacted and that pertain to work performed after January 17, 2014. The Court finds that the remaining hours expended by counsel are reasonable for work on all seven claims in the Original Complaint until January 17, 2014: Simon Klevansky = 34.9 hours; Alika Piper = 4.6 hours; and Nicole Stucki = 127.2 hours.

As noted above, however, the Court finds that Defendants should recover only one-seventh of their reasonable fees incurred until January 17, 2014, which represents the one claim (out of seven in the Original Complaint) that is in the

nature of assumpsit. Accordingly, using the lodestar calculation based on the reasonable hourly rate and reasonable hours expended, the Court recommends that Defendants be awarded attorneys' fees in the amount of $5,543.76:

| | | | |
|---|---|---|---|
| Simon Klevansky | $300/hour x 34.9 hours / 7 | = | $1,495.71 |
| Alika Piper | $250/hour x 4.6 hours / 7 | = | $164.29 |
| Nicole Stucki | $200/hour x 127.2 hours / 7 | = | $3,634.29 |
| | Sub-Total | = | $5,294.29 |
| | G.E.T. (4.712%) | = | $249.47 |
| | Total Fee Award | = | $5,543.76 |

C. The Recommended Award Does Not Exceed 25% of the Judgment

Hawaii Revised Statutes section 607-14 authorizes attorneys' fees, "provided that [the] amount shall not exceed twenty-five per cent of the judgment." H.R.S. § 607-14. Plaintiffs argue that, because there was no monetary judgment in this case, "[t]wenty-five percent of zero is zero." (Opp. at 6.) In other words, Plaintiffs contend that Defendants are not entitled to any fees because the Judgment was not for a monetary amount.

Where a defendant obtains judgment, "the 25% limitation should be based on the amount sued for." Au, 933 F. Supp. 2d at 1273. In this case, Plaintiffs initially prayed for $2,800,000 plus punitive damages. The Court finds that its recommended award of $5,543.76 in fees does not exceed 25% of the amount sued for and therefore complies with H.R.S. § 607-14.

11

D. Consultation Under Local Rule 54.3(b)

Lastly, Plaintiffs argue that the Court should not consider Defendants' Motion for Attorneys' Fees because Defendants "failed to consult" with Plaintiffs as required by Local Rule 54.3(b). That Rule states that "[t]he court will not consider a motion for attorneys' fees and related non-taxable expenses until moving counsel advises the court in writing that, after consultation, or a good faith effort to consult, the parties are unable to reach an agreement with regard to the fee award or that the moving counsel has made a good faith effort, but has been unable to arrange such a conference." L.R. 54.3(b).

On June 24, 2014, Defendants filed a timely Statement of Consultation. (Doc. 63.) In the Statement, defense counsel recounts their attempts at consulting with Plaintiffs' counsel about their request for attorneys' fees. Defense counsel telephoned Plaintiffs' counsel twice and left voicemails. Later, Plaintiffs' counsel left a message for defense counsel, stating that "it's not in my clients' interest for me, for us, to back down in any way, so we will be proceeding with this case in all ways, and I don't really see what I can compromise here." (Doc. 63 at 3.) The Court is satisfied by these messages that counsel attempted to consult in good faith and that no agreement regarding fees was reached.

II. Defendants' Request for Costs

Federal Rules of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered."  Local Rule 54.2(a).

Courts have discretion to award costs pursuant to Rule 54(d).  See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  The burden is on the losing party to demonstrate why costs should not be awarded.  Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir.1999).  Indeed, "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded."  Id.  According to the Ninth Circuit:

> A district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, we will assume it acted based on that presumption.

Quan v. Computer Sciences Corp., 623 F.3d 870, 888 (9th Cir. 2010) (brackets omitted).

While courts have discretion to award costs pursuant to FRCP 54(d),

13

courts may only tax costs that are specified in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126 (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 177 (9th Cir.1990)). Section 1920 enumerates the following costs:

>  (1)   Fees of the clerk and marshal;
>  (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>  (3)   Fees and disbursements for printing and witnesses;
>  (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>  (5)   Docket fees under section 1923 of this title;
>  (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; see Yasui, 78 F. Supp. 2d at 1126.

Plaintiffs do not address Defendants' request for costs. As noted above, there is no dispute that Defendants are the prevailing party. Further, all of the requested costs are authorized by the Federal Rules of Civil Procedure and this Court's Local Rules. The Court therefore finds that Defendants are entitled to recover their costs under FRCP Rule 54(d)(1) and recommends that Defendants be awarded their full costs in the amount of $1,021.23.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that

Defendants' Motion for Attorneys' Fees and Costs (Doc. 61) be GRANTED IN PART AND DENIED IN PART.   The Court recommends that Defendants be awarded $5,543.76 in fees and   $1,021.23 in costs.

Any Objection to this Findings and Recommendation shall be filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 14, 2014.



　　　　　　　　　　　　　　　　　　 /S/ Barry M. Kurren
　　　　　　　　　　　　　　　　　　Barry M. Kurren
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Dimitrion, et al. v. Morgan Stanley Home Loans, et al., CIV. NO. 13-00125 DKW-BMK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS.